**SANDUSKY (city) et v
CITY COMMISSION OF SANDUSKY et**

Ohio Appeals, 6th Dist, Erie Co

Decided March 31, 1937

William E. Didelius, City Solicitor, Sandusky, for the city of Sandusky.

Bernard S. Keyt, Piqua, for appellees, the City Commission and others.

King, Flynn & Frohman, Sandusky, for The Ohio Public Service Company.

## OPINION

By LLOYD, J.

On July 2, 1936, the city of Sandusky, pursuant to demand upon its city solicitor by The Ohio Public Service Company, a taxpayer, filed its petition in the Court of Common Pleas against the city commission, the several members thereof and the treasurer and auditor of the city, praying for an injunction restraining them from "taking any steps or proceedings under ordinances and resolutions for the issuance of notes and bonds or either of them for the purpose of constructing or purchasing a municipal electric generating and distribution system for the city of Sandusky, or from offering to sell, contracting for the sale of or selling such notes or bonds," and praying also that certain ordinances and resolutions pertaining to the proposed municipal electric system be declared to be null and void.

On August 3, 1936, an amended petition was filed dividing the allegations of the petition into seven causes of action, but not otherwise materially changing the purport thereof. To this amended petition the defendants thereto, the city commission and others, filed a general demurrer, which was sustained by the Court of Common Pleas on December 18, 1936. From the judgment thereon, the city of Sandusky appeals to this court on questions of law.

On September 4, 1936, The Ohio Public Service Company filed a written application to be made a party plaintiff in the cause and on December 8, filed an amended motion for the same purpose. This application and motion were denied on December 18, 1936. From this order, The Ohio Public Service Company filed a separate appeal, numbered in this court as Cause No. 472. The granting or denial of this application and motion was largely in the discretion of the trial court and this court finds that The Ohio Public Service Company was not prejudiced by the denial thereof.

The amended petition of appellant, the city of Sandusky, alleges that it is a municipal corporation acting under a duly adopted charter providing for the commission-manager form of city government; "that on August 7, 1933, the city commission passed an ordinance, numbered 2123-C, declaring it necessary for the city to construct or purchase a municipal electric light and power plant consisting of works for the generation and transmission of electricity and equipping the same, including transmission and distribution lines, for supplying electricity to the city of Sandusky, Ohio, and the inhabitants thereof including the acquisition of the necessary land therefor"; that on the same day it adopted a temporary resolution in effect that the commission contemplated the submission to the electors of the city of the question of the issuance of $1,400,000 of bonds at the regular election to be held on November 7, 1933, for the purpose of constructing or purchasing a municipal electric light and power plant; and requesting the city treasurer, as fiscal officer of the city, to certify to the commission, as required by §§2293-2 and 2293-10, GC, "his conclusions as to the estimated life of the proposed improvement and the maximum maturity of such bonds"; that the city treasurer having at once complied with this request, the commission, on the same day, August 7, 1933, adopted a resolution authorizing the submission to the electors of the city at the general election to be held on November 7, 1933, of the question of the issuance of the $1,400,000 of bonds and of the levying of a tax to pay the same and the interest thereon, the issuance of the bonds to be authorized by an ordinance to be passed not later than July 15, 1934; that a copy of the resolution was certified to the county auditor for calculation of the average annual levy required to pay the principal and interest of the bonds, and that the auditor complied therewith on August 28, 1933; that on September 11,

1933, a resolution was passed and certified to the board of elections of Erie County declaring the intention and desire of the commission to proceed with the issuance of the bonds and directing its clerk to give the required legal notice of the election; and that at the election held on November 7, 1933, the issuance of the bonds was approved by the electorate. The amended petition then recites the adoption and purpose of other resolutions of the commission relative to the issuance of the bonds and of anticipatory notes pending the issuance and sale of the bonds.

The amended petition also alleges "that there have never been submitted to the City Commission of Sandusky, Ohio, nor approved by it, complete plans, specifications, profiles and estimates for Municipal Electric Light and Power Plant Project, in connection with which the city of Sandusky, Ohio, proposes to issue $1,400,000.00 in notes, as required by §15 of the Charter of the city of Sandusky, Ohio." That part of §15 of the city Charter to which this allegation of the amended petition refers, reads as follows:

"No resolution declaring it necessary to proceed with any public improvement, shall be adopted until complete plans, specifications, profiles and estimates have been submitted to the City Commission and been approved by it; and the same, or a copy thereof, shall thereafter remain on file in the office of the City Engineer subject to inspection by the public."

The demurrer to the amended petition admitting all of the facts well pleaded therein, one of the questions presented to this court, and in view of the conclusion reached, the only one the court need consider, is whether non-compliance with this charter provision nullifies the proceedings sought to be taken by the commission to authorize the construction or purchase of the proposed municipal light and power plant.

Section 15 of the Sandusky city Charter, of which the foregoing quoted provision is a part, is to all intents and purposes identical in all respects with §14 of the Charter of the city of Gallipolis, and the precise question now confronting this court was, as evidenced by its written opinion dated March 1, 1926, carefully considered by the Court of Appeals of the Fourth District in the case of Ohio Utilities Co. v City Commission of Gallipolis (1926). That opinion has not been published, but coun-

sel has furnished this court with a copy thereof, wherein it clearly and without question appears that the Gallipolis case is not distinguishable in fact or principle from the instant case, and that what is there said as to the purpose and legal effect of §14 of the Gallipolis city Charter can, with equal pertinency, be said of §15 of the Sandusky city Charter.

Counsel for appellees suggests that although "the Gallipolis case is against us in this proposition * * * this court is not bound by this case and the fact that a motion to certify was overruled does not make it the law of the state."

There would be force in this argument were it not for the fact that the sole question involved therein was the same as that now under consideration; and the question being identically the same, we would think that we may assume, that the overruling by the Supreme Court of the motion to certify the record to that court in that case has some significance, to which this court, with at least some degree of assurance, may give heed.

An examination of the briefs filed in the Gallipolis case, both in the Court of Appeals and in the Supreme Court, discloses that the sole question there presented and argued was that under consideration here, and that the contention and arguments of counsel were likewise of the same tenor and effect as those now presented to this court.

It is argued by appellees that §§4676-1 and 4676-2, GC, 111 Ohio Laws 344, effective April 21, 1925, validate the method of procedure adopted by the City Commission of Sandusky, but these sections were also considered by the Court of Appeals in the Gallipolis case, its written opinion stating that:

"But as we have held, this proceeding has been void ab initio because of the failure to comply with the last clause of §14 of the Charter. The act of April, 1925, undertakes to validate those proceedings which have been authorized by the Charter. but this proceeding was not authorized by the Charter of Gallipolis."

If the complete plans, specifications, profiles and estimates required by the heretofore quoted portion of §15 of the Charter had been first submitted to the City Commission, the cost of the light and power plant proposed thereby might so far have exceeded in amount the estimated $1,400,000 as that a bond issue therefor would not have

been approved by the electors. By the inclusion therein of the express limitation upon the procedural power of the City Commission, the citizens of Sandusky obviously determined not only to insure themselves against any such possibility but also to be assured that any contemplated municipal improvement within its purview, when completed, would be suitable and appropriate for its intended uses and purposes.

Within the sphere of the power and authority conferred upon municipalities by the Constitution of Ohio, the charter of an Ohio city adopted by the voluntary action of its electors, is its constitution, and there is no apparent reason why, until changed by act of its creator (in the instant case, the people of Sandusky), the municipal authorities, who are the agents thereof, should not abide thereby. That to comply with the quoted portion of §15 of the Charter would be expensive, and an outlay of money to no purpose, if the electorate rejected the proposed bond issue, is suggestive of a laudable personal desire to economize by proceeding otherwise, but not persuasive as to the power to do so.

The Court of Appeals also stated in its opinion in the Gallipolis case that "with the wisdom or unwisdom of the charter provision under consideration, we have nothing to do, but it is clear that it was enacted to make it imperative on the city commission to decide before a resolution was passed what kind of an improvement it proposed to make and what it would cost before it should declare the necessity therefor, and not only the city commission but the inhabitants of the city would by this requirement be advised before voting on a bond proposition as to the character and cost of the proposed improvement."

By substituting the words "charter" for "constitution" and "constitutional," "city of Sandusky" for "land," "the city commission" for "Congress" and "ordinance" or "resolution" for "statute," the following quotation from the opinion of Mr. Justice Roberts in United States v Butler, 297 U. S. 1, 80 L. Ed. 477, 56 S. Ct. 312, at page 62, becomes apropos:

"There should be no misunderstanding as to the function of this court in such a case. It is sometimes said that the court assumes a power to overrule or control the action of the people's representatives. This is a misconception. The Constitution is the supreme law of the land ordained and established by the people. All legislation must conform to the principles it lays down. When an Act of Congress is appropriately challenged in the courts as not conforming to the constitutional mandate the judicial branch of the Government has only one duty—to lay the article of the Constitution which is invoked beside the statute which is challenged and to decide whether the latter squares with the former. All the court does, or can do, is to announce its considered judgment upon the question. The only power it has, if such it may be called, is the power of judgment. This court neither approves nor condemns any legislative policy. Its delicate and difficult office is to ascertain and declare whether the legislation is in accordance with or in contravention of the provisions of the Constitution; and having done that, its duty ends."

From what has been said, it is evident that the judgment of the Court of Common Pleas must be reversed and the cause remanded to that court with directions to overrule the demurrer and for further proceedings according to law.

Judgment reversed and cause remanded.

CARPENTER and OVERMYER, JJ, concur.